IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MORRIS WILLIAMS, §
§
Plaintiff, §
§
v. §            Civil Action No. 4:26-CV-03269
§
TRANSUNION LLC, and EXPERIAN §
INFORMATION SOLUTIONS, INC., §
§
Defendants. §

**DEFENDANT TRANS UNION LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Trans Union LLC, improperly identified as TransUnion, LLC ("Trans Union"), one of the Defendants herein, and files its Answer and Defenses to Plaintiff's Complaint ("Complaint") filed by Morris Williams ("Plaintiff"). Trans Union denies that it violated the Fair Credit Reporting Act ("FCRA") or any other law. The paragraph numbers below correspond to the paragraph numbers contained in Plaintiff's Complaint to the extent possible.

### A. INTRODUCTION

1. Trans Union admits only that Plaintiff has asserted claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Trans Union denies the remaining allegations of this paragraph.

2. Trans Union states that the cited provisions of the FCRA speak for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

3. Trans Union states that the provisions of the FCRA speak for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated. Trans Union states that the remaining allegations of this paragraph are legal

10083193.1

1

conclusions and, so stating, denies them.

4.    Trans Union states that the provisions of the FCRA speak for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.    Trans Union states that the provisions of the FCRA speak for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

6.    Trans Union states that the cited provisions of the FCRA speak for itself, including the case law interpreting it. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein or the cited case law, Trans Union denies the allegations as stated. Trans Union also states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them. Trans Union denies the remaining allegations of this paragraph.

7.    Trans Union states that the provisions of the FCRA speak for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## B. JURISDICTION AND VENUE

8.    Trans Union admits that jurisdiction is proper in this Court. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

9.    Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in the Southern District of Texas.  Trans Union states that it lacks

10083193.1

knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

## C.  PARTIES

10.     Trans Union admits only that Plaintiff is a "natural person." Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11.     Trans Union admits only that Plaintiff is a "consumer" as that term is defined by the FCRA. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

12.     Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union denies the remaining allegations of this paragraph.

13.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union states the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

15.     Trans Union admits only that it is authorized to conduct business in the state of Texas.  Trans Union also admits it maintains a registered agent in the sate of Texas. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10083193.1

## D. GENERAL ALLEGATIONS

### *Plaintiff's November 2025 Consumer "file disclosures"*

16.    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17.    Trans Union states that the cited provisions of the FCRA speak for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

18.    Trans Union denies it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19.    Trans Union denies it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, including any allegations contained in the footnote, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20.    Trans Union denies it violated the FCRA (or any other law). Trans Union states

4

that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

21.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

22.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.  Trans Union denies the remaining allegations contained in this paragraph.

23.    Trans Union denies the allegations contained in this paragraph.

24.    Trans Union denies the allegations contained in this paragraph.

25.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## E. VIOLATIONS

### *Violations –1 of 15 U.S.C. § 1681g*

26.    Trans Union reasserts its answers and responses set forth herein.

27.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

10083193.1

28.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29.     Trans Union denies the allegations of this paragraph, including any allegations contained in the footnote, as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30.     Trans Union denies the allegations of this paragraph, including any allegations contained in the footnote, as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

31.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## F.  REQUEST FOR RELIEF

**Answer:**     Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union. Trans Union denies the remining allegations contained in the Request for Relief paragraph of the Compliant including its subparts.

6

10083193.1

## G. DEMAND FOR A JURY TRIAL

32.     Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

### DENIAL OF ANY REMAINING ALLEGATIONS

**Answer:**     Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

### DEFENSES

1.     At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

2.     Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

3.     Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

4.     Trans Union at all times acted in compliance with the FCRA.

5.     Plaintiff failed to mitigate his alleged damages.

6.     Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Texas.

7.     Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

7

8.     In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

9.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Original Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*/s/ Najeeb Aminyar*

Najeeb Aminyar
Attorney-in-Charge
Texas Bar No. 24136705
Southern Texas Bar No. 3966242
najeeb.aminyar@qslwm.com
QUILLING SELANDER LOWNDS
WINSLETT & MOSER, P.C.
5801 Tennyson Pkwy, Ste 440
Plano, Texas 75024
Telephone: (214) 560-5450
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

10083193.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Vincent J. Hess
Troutman Pepper Locke LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
214-740-8732
Email: vince.hess@troutman.com

I hereby certify that I have sent by U.S. First Class Mail the above and foregoing document to the following non-CM/ECF participants:

Morris Williams
9311 FM 1488 30-111
Montgomery, TX 77354
*Pro Se Plaintiff*

/s/ Najeeb Aminyar
**NAJEEB AMINYAR**

9

10083193.1