IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 23 2026

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| Morris Williams,<br>    *Plaintiff,*<br><br>  *versus*<br><br>Trans Union, LLC, and Experian<br>Information Solutions, Inc.,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    **Case No:** 4:26-cv-03269 |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE
ISSUE OF LIABILITY AGAINST TRANS UNION, LLC**

Plaintiff Morris Williams asks the Court to render ***Partial Summary
Judgment On The Issue of Liability*** against Defendant Trans Union, LLC,
pursuant to *Federal Rule of Civil Procedure 56.*

## I.  INTRODUCTION

1.    Plaintiff is Morris Williams; and Defendant is Trans Union, LLC
("Trans Union, LLC").

2.    On April 22, 2026, plaintiff sued the defendant for violations of the Fair
Credit Reporting Act ("FCRA") 15 U.S.C. § 1681g. *See* ECF No. [1].

3.    On May 20, 2026, the Defendant Trans Union, LLC answered
Plaintiff's complaint. *See* ECF No. [10].

4.     On June 3, 2026, pursuant to *Rules 33, 34, and 36*, Plaintiff served his First Set of Interrogatories, Requests for Production, and Requests for Admission on Trans Union.

5.     On June 29, 2026, Plaintiff filed his Amended Complaint. *See* ECF No. [20].

6.     Defendant served its responses to Plaintiff's first set of written discovery requests—consisting of interrogatories, requests for production, and requests for admissions—on July 2, 2026.

7.     On July 13, 2026, the Defendant filed its Amended Answer to Plaintiff's Amended Complaint. *See* ECF No. [23]. In that pleading, Trans Union asserts only general denials and boilerplate defenses, without identifying any specific factual basis, legal theory, witness, document, policy, or internal record supporting any defense. Trans Union did not identify:

      a.  the facts supporting any asserted defense;

      b.  the legal theory underlying any defense;

      c.  any Trans Union employee or third-party witness with knowledge supporting any defense; or

      d.  any document, record, or internal data supporting any defense.

Because Trans Union's Answer consists exclusively of conclusory denials and meritless *"speaks for itself"* objections—none supported by competent summary-judgment evidence—its asserted defenses cannot create a genuine dispute of material fact under *Rule 56*.

8. Moreover, Trans Union's written discovery denials are directly contradicted by its own verified discovery responses and document production. Although Trans Union denied possessing complete account numbers and other internal file data, **Interrogatory No. 5** admits that Trans Union—not the furnisher—truncated Plaintiff's account number *"for security purposes,"* confirming that Trans Union possessed the full number internally. The ACDV and Metro-2 data produced in discovery likewise show that furnishers transmitted full account numbers and that Trans Union retained them, contradicting Trans Union's denials.

9. Plaintiff respectfully requests that the Court enter ***partial summary judgment*** solely on the issue of liability against Trans Union pursuant to *15 U.S.C. § 1681g(a)(1)*. Because there is no genuine dispute of material fact concerning any element of Plaintiff's *§ 1681g(a)(1)* claim, summary judgment is warranted.

## II.   STATEMENT OF UNDISPUTED FACTS

10.   Plaintiff Morris Williams is a "consumer" as defined by the Fair Credit Reporting Act ("FCRA"). *See* Trans Union's Answer, ECF No. [23, ¶ 14].

11.   Defendant Trans Union, LLC ("Trans Union") is a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f). Trans Union admits it is a CRA. *See* Trans Union's Answer, ECF No. [23, ¶ 17].

12.   On or about November 21, 2025 and March 26, 2026, Plaintiff submitted a request for a complete consumer file disclosure through the centralized source established under 15 U.S.C. § 1681j(b). *See* **Exhibit A-B.**

13.   Trans Union provided Plaintiff with a consumer disclosure template in response to his *§ 1681g(a)(1)* request. The disclosure omitted complete account numbers, payment histories, balance histories, and other internal data fields that Trans Union retained in Plaintiff's file. *See* **Exhibit A-B.**

14.   Trans Union's internal records—including ACDV data, Metro-2 fields, and internal activity logs—contain full account numbers, payment history, balance history, source information, and other data not included in the disclosure provided to Plaintiff. *See* **Exhibit C.**

15.   Plaintiff did not request withholding, truncation, masking, suppression, or redaction of any information in his file disclosure. In the November 19, 2025

file disclosure template provided to Plaintiff, Trans Union states that any masking of account numbers was performed "for your protection," confirming that the masking was performed by Trans Union and not at Plaintiff's request. *See* Exhibit A.

16.    In response to **Interrogatory No. 5**, Trans Union admitted that it—not the furnisher—truncated Plaintiff's account number "for security purposes," confirming that Trans Union possessed the full account number internally. *See* Exhibit C.

### III.    ARGUMENT

### A. Summary Judgment Standard

17.    Summary judgment is mandatory where the movant shows that no genuine dispute of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" only if a reasonable jury could return a verdict for the nonmovant, and a fact is "material" only if it might affect the outcome under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

18.    Under Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986), a movant may obtain summary judgment by demonstrating that the nonmovant lacks evidence on an essential element of its claim or defense. Once the movant meets

this burden, the nonmovant must produce competent evidence creating a genuine dispute; conclusory denials are insufficient. Fed. R. Civ. P. 56(c)(1)(A)–(B).

### B. Trans Union Cannot Create a Genuine Dispute as to Any Element of Plaintiff's § 1681g(a)(1) Claim

### Trans Union is a consumer reporting agency (§1681a(f))

19.    Trans Union expressly admits it is a consumer reporting agency. See Answer ¶17. An admitted fact cannot create a genuine dispute. Fennell v. Marion Indep. Sch. Dist., 804 F.3d 398, 407 (5th Cir. 2015). **Element 1 is undisputed.**

### Plaintiff requested a consumer file disclosure (§1681g(a)(1))

20.    Plaintiff submitted two centralized-source requests under §1681j(b). Trans Union does not dispute receiving these requests or providing disclosures. Under Celotex, the absence of contrary evidence satisfies Plaintiff's burden. **Element 2 is undisputed.**

### Trans Union possessed information in Plaintiff's file at the time of the request

21.    Trans Union's own internal records—including ACDVs, Metro-2 fields, and activity logs—show it retained complete account numbers, payment

histories, balance histories, and source information. Trans Union's discovery denials do not create a dispute because denials are not evidence. Likens v. Hartford Life & Accident Ins. Co., 688 F.3d 197, 202 (5th Cir. 2012). **Element 3 is undisputed.**

## "File" means all information Trans Union records and retains

22.   The Fifth Circuit and Supreme Court recognize that "file" includes all information the CRA records and retains internally. Cortez v. Trans Union, LLC, 617 F.3d 688, 711 (3d Cir. 2010). Trans Union does not dispute this definition. **Element 4 is undisputed.**

## Trans Union failed to clearly and accurately disclose all information in Plaintiff's file

23.   Trans Union's disclosures omitted complete account numbers, payment histories, balance histories, and source information. Trans Union admits that masking and truncation were performed "for security purposes" and not at Plaintiff's request. This admission confirms Trans Union possessed the full account number internally and intentionally withheld it from Plaintiff's §1681g(a)(1) disclosure.

24.   A CRA's failure to disclose retained file information violates §1681g(a)(1) as a matter of law. Cortez, 617 F.3d at 711. Trans Union has

produced **no evidence** showing that the omitted information was not part of Plaintiff's file. Under Celotex, the absence of evidence on this essential element requires summary judgment. **Element 5 is undisputed.**

## C. *Plaintiff Establishes Constitutional Article III Standing*

25. Plaintiff suffered a concrete informational injury when Trans Union failed to disclose information required by §1681g(a)(1). The Supreme Court holds that a plaintiff has standing where he alleges failure to receive statutorily required information. TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2214 (2021).

26. The Ninth Circuit likewise holds that §1681g violations create a material risk of harm to a consumer's interests in privacy and accuracy, and that denial of required information itself is sufficient to establish standing. Tailford v. Experian Info. Solutions, Inc., 26 F.4th 1092, 1104–06 (9th Cir. 2022).

27. Plaintiff alleges—and the undisputed facts confirm—that Trans Union possessed information in his file but withheld, truncated, masked, and scrambled that information. The injury occurred at the moment of nondisclosure. **Standing is established.**

## IV.   SUMMARY JUDGMENT EVIDENCE

28.    Plaintiff supports this Motion with competent summary judgment evidence demonstrating that Trans Union cannot create a genuine dispute of material fact. The record includes Plaintiff's Trans Union and other CRA file disclosures, Trans Union's written discovery responses, Plaintiff's declaration, and the ACDV data produced in discovery.

      a.  Documents: Plaintiff's Trans Union file disclosures;

      b.  Trans Union's interrogatory responses;

      c.  Electronically Stored Information: Trans Union ACDV data;

      d.  Declarations: Plaintiff's declaration;

      e.  Other Exhibits: Equifax ACDV form confirming the data furnisher reported the complete account number to the CRA's.

29.    Plaintiff's November 19, 2025 file disclosure shows that Trans Union masked and scrambled Plaintiff's account numbers and omitted payment histories, balance histories. The disclosure states that account numbers were masked *"for your protection,"* confirming that the masking was performed by Trans Union and not at Plaintiff's request. The disclosure contains no sources of

the information for any of the tradelines, inquiries, names, addresses, or phone numbers. *See attached hereto as* **Exhibit A.**

30.    Plaintiff's March 26, 2026 Trans Union file disclosure contains the same omissions and masking practices months later, demonstrating that the suppression of account-level data and sources of information is systemic and not accidental. *See attached hereto as* **Exhibit B.**

31.    Trans Union's written discovery responses, show that Trans Union refused to identify any policy authorizing masking or scrambling, refused to identify any employee with knowledge of its disclosure practices, refused to identify any source, vendor, intermediary, or chain-of-custody entity, and refused to admit or deny possession of full account numbers. These evasive responses do not constitute evidence and cannot create a genuine dispute of material fact under Rule 56. *See attached hereto as* **Exhibit C.**

32.    Internal ACDV and Metro-2 data produced in discovery show that furnishers transmitted full account numbers, payment histories, balance histories, dates of first delinquency, dates of last activity, and other Metro-2 fields to Trans Union, and that Trans Union retained this information internally. This evidence establishes that Trans Union possessed the information it withheld from Plaintiff. *See attached hereto as* **Exhibit D and F.**

33. Plaintiff's declaration states that Plaintiff did not request truncation, masking, scrambling, or omission of any information in his file disclosure, and that Trans Union's omissions caused confusion, frustration, wasted time, and informational injury. This evidence establishes Article III standing. *See attached hereto as* **Exhibit E.**

34. Trans Union's Amended Answer admits that Trans Union is a consumer reporting agency and that Plaintiff is a consumer. The Answer contains only boilerplate denials, contradictions, and identifies no witness, no document, no policy, and no factual basis supporting any defense. Because Trans Union has not produced any evidence supporting a defense, it cannot create a genuine dispute of material fact under *Celotex*. *See* **ECF No. 23 ¶¶ 14 and 17.**

35. This evidence demonstrates that Trans Union possessed information in the Plaintiff's file at the time of his request, withheld that information, and has no evidence capable of creating a genuine dispute of material fact. Summary judgment is therefore appropriate in this case.

## V.    CONCLUSION

36. The undisputed facts establish each element of Plaintiff's claim under *15 U.S.C. § 1681g(a)(1)*.Trans Union admits it is a consumer reporting agency, does not dispute that Plaintiff requested his consumer file disclosure, and cannot

produce any evidence showing that it did not possess the information retained in Plaintiff's file at the time of the request. The record further demonstrates that Trans Union withheld, truncated, masked, and scrambled information it retained internally, and that these omissions were not made at Plaintiff's request.

37.    Under *Rule 56* and *Celotex*, summary judgment is required where the nonmovant fails to produce evidence creating a genuine dispute of material fact. Trans Union has identified no witness, document, policy, or internal record supporting any defense, and its conclusory denials are insufficient as a matter of law. Because Trans Union has produced no competent evidence capable of generating a triable issue, and because the undisputed record establishes a violation of *§ 1681g(a)(1)*, Plaintiff is entitled to judgment as a matter of law on the issue of liability.

38.    For these reasons, Plaintiff respectfully requests that the Court grant this Motion and enter **Partial Summary Judgment** in Plaintiff's favor on the issue of liability under *15 U.S.C. §1681g(a)(1)*.

*Respectfully submitted by,*

*/s/ Moris Williams*
**Morris Williams**
9311 FM 1488 30-11
Magnolia, Tx 77354
travell2003@yahoo.com

## VI.    CERTIFICATE OF CONFERENCE

I certify that on July 7, 2026 and July 17, 2026, I conferred with counsel for Defendant, Mr. Najeeb Aminyar, regarding Plaintiff's *Motion for Partial Summary Judgment on the Issue of Liability*. Mr. Aminyar stated that the motion was premature and Defendant *opposed* the motion. I further certify that I made reasonable efforts to confer in good faith to resolve the relief requested but was unable to reach an agreement.

## VII.    CERTIFICATE OF SERVICE

I hereby certify that on **July 22 2026**, a true and correct copy of the foregoing **PLAINTIFF'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST TRANS UNION, LLC** was served upon all counsel of record for the Defendant via attorney email.

**Najeeb Aminyar**
Texas Bar No. 24136705
Southern Texas Bar No. 3966242
najeeb.aminyar@qslwm.com
QUILLING SELANDER LOWNDS
WINSLETT & MOSER, P.C.
5801 Tennyson Pkwy, Ste 440
Plano, Texas 75024
Telephone: (214) 560-5450

*Counsel for Trans Union*