United States District Court
Southern District of Texas
**ENTERED**
November 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORRIS WILLIAMS, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. H-26-3269 |
| TRANS UNION LLC, et. al., | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Experian Information Solutions, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings (Document No. 32). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This matter involves a dispute regarding the completeness of consumer file disclosures under the Fair Credit Reporting Act ("FCRA"). On November 19, 2025, Plaintiff Morris Williams ("Plaintiff"), proceeding *pro se*, requested electronic copies of his consumer file from Defendants Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants")

through the website annualcreditreport.com.[1] Plaintiff alleges that the disclosures omitted account information and payment history, including full account numbers, account type, date of first delinquency, loan type, and payment details, for the Credit Collection Services ("CCS") tradeline.[2] Plaintiff further alleges that Defendants possessed the omitted data and the omissions impaired his ability to dispute inaccuracies, causing him frustration, wasted time, and emotional distress.[3]

On April 22, 2026, Plaintiff sued Defendants in this Court under 15 U.S.C. § 1681g(a)(1) and (2), which require consumer reporting agencies to disclose all information in the consumer's file and the sources of the information upon request.

On August 7, 2026, Experian moved for judgment on the pleadings, contending that Plaintiff lacks Article III standing or, alternatively, fails to state a claim upon which relief can be granted.[4]

---

[1] *See Plaintiff's Amended Complaint*, Document No. 20 at 4.

[2] *See Plaintiff's Amended Complaint*, Document No. 20 at 4.

[3] *See Plaintiff's Amended Complaint*, Document No. 20 at 5–6.

[4] Since the Court finds that Plaintiff lacks Article III standing, and therefore that the Court lacks subject-matter jurisdiction, the Court does not reach Experian's alternative argument that Plaintiff fails to state a claim upon which relief can be granted. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977); *see also Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

## II. STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Where, as here, a Rule 12(c) motion challenges the plaintiff's standing, the Court addresses that jurisdictional question first, and the party invoking federal jurisdiction bears the burden of establishing it. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

To establish standing under Article III of the United States Constitution, a plaintiff must assert an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal citations omitted). At the pleading stage, a plaintiff "must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citations omitted).

The first requirement to show standing is an injury in fact, which is a constitutional requirement. *Spokeo*, 578 U.S. at 339. "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who

would not otherwise have standing." *Id.* An injury in fact requires showing "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted).

An alleged injury in fact "must be both concrete *and* particularized." *Id.* at 340 (emphasis in original). While a concrete injury must be de facto—it must actually exist—the term is broad enough to encompass intangible injuries. *Id.* at 340–41. While Congress can identify and elevate intangible harms to concrete injuries, the injury in fact requirement is not automatically met by showing a statutory violation. *Id.* at 341. "[A] bare procedural violation, divorced from any concrete harm, [cannot] satisfy the injury-in-fact requirement of Article III." *Id.* A procedural violation only meets the concreteness requirement where there is a "risk of real harm" as identified in a congressionally created statutory right. *Id.* at 341–42; *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016).

To show imminence, a "threatened injury must be certainly impending." *Clapper*, 568 U.S. at 409 (internal citations and quotations omitted) (rejecting the "objectively reasonable likelihood" standard for determining when a threatened injury grants standing). "Allegations of possible future injury are not sufficient." *Id.* Nor can a threatened injury be established by relying on a "highly attenuated chain of possibilities." *Id.* at 410.

## III. LAW & ANALYSIS

1. *Experian's Motion for Judgment on the Pleadings for Lack of Standing*

Experian moves for judgment on the pleadings under Rule 12(c), contending, in part, that Plaintiff lacks Article III standing because his "informational injury" does not amount to a concrete injury-in-fact.[5] Plaintiff contends that he has standing because Experian's nondisclosures "impaired his ability" to determine whether "a reported tradeline corresponded to his own records and whether it could or should be accurately challenged."[6] Plaintiff concedes that he "does not allege that frustration or lost time alone creates standing."[7]

"'Article III standing requires a concrete injury *even in the context of a statutory violation*.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021) (emphasis added) (quoting *Spokeo*, 578 U.S. at 341). In *Ramirez*, the Fifth Circuit "rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Campaign Legal Ctr. v. Scott*,

[5] *See Defendant Experian Information Solutions, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings*, Document No. 32 at 9–13.

[6] *See Plaintiff's Motion for Partial Summary Judgment and Response in Opposition to Defendant Experian Information Solutions, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings*, Document No. 36 at 12.

[7] *See Plaintiff's Motion for Partial Summary Judgment and Response in Opposition to Defendant Experian Information Solutions, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings*, Document No. 36 at 12.

49 F.4th 931, 936 (5th Cir. 2022) (cleaned up). Moreover, an "asserted informational injury that causes no adverse effects cannot satisfy Article III." *Ramirez*, 594 U.S. at 442 (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020)). Applying *Ramirez*, the Fifth Circuit has held that a plaintiff asserting an informational injury must identify "downstream consequences" from the alleged nondisclosure. *See Scott*, 49 F.4th at 936–38. The Fifth Circuit reasoned that the plaintiffs' lack of "opportunity" to identify voters incorrectly flagged in the Secretary's database "expresses a speculative rather than concrete grievance," and that, to support standing, an injury "must be more than speculative and must be 'certainly impending.'" *Id.* at 937 (quoting *Clapper* 568 U.S. at 409).

Here, Plaintiff first contends that *Ramirez* is distinguishable because the *Ramirez* plaintiffs received the required information, albeit in the wrong format, whereas Plaintiff alleges that Experian never disclosed his full account number.[8] Nevertheless, the Fifth Circuit requires downstream consequences even where the requested information was never disclosed. *See Scott*, 49 F.4th at 938. A review of the record shows that Plaintiff has identified no "downstream consequences" from failing to receive his full account number. *See Ramirez,* 594 U.S. at 442. Plaintiff does not, for example, allege that any of his information was disseminated to third

[8] *See Plaintiff's Motion for Partial Summary Judgment and Response in Opposition to Defendant Experian Information Solutions, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings*, Document No. 36 at 12–13, 16.

parties. *See id.* (giving, as an example of a downstream consequence, a deficit that "hindered [plaintiffs'] ability to correct erroneous information before it was later sent to third parties").

Plaintiff further contends that the nondisclosure hindered his ability to correct erroneous information.[9] However, a review of the record reveals that Plaintiff does not identify any erroneous information in his file. Without an error to correct, his alleged inability to correct one is, as in *Scott*, a speculative "lack of 'opportunity.'" 49 F.4th at 937. Even if Plaintiff had a right to the disclosure of his full account number, an issue the Court does not reach, he has not established an injury in fact. *See Scott*, 49 F.4th at 936.

Additionally, Plaintiff relies on the Ninth Circuit's decision in *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092 (9th Cir. 2022), to support his contention that an informational injury is concrete when a nondisclosure impairs a consumer's

---

[9] *See Plaintiff's Motion for Partial Summary Judgment and Response in Opposition to Defendant Experian Information Solutions, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings*, Document No. 36 at 12.

ability to understand or verify information in his file.[10] However, *Tailford* is not binding on this Court.[11]

The Court construes all pro se filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court has independently examined Plaintiff's complaint. Even construing the complaint liberally, the Court finds that Plaintiff offers no concrete injury to establish Article III standing. Accordingly, the Court finds that Plaintiff's claims against Experian should be dismissed without prejudice and that Experian's motion for judgment on the pleadings should be granted.

2. *Sua Sponte Dismissal of Claims Against Trans Union*

District courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "[S]ua *sponte* dismissal is *mandatory* when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (emphasis added) (citing Fed. R. Civ. P. 12(h)(3)).

---

[10] *See Plaintiff's Motion for Partial Summary Judgment and Response in Opposition to Defendant Experian Information Solutions, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings*, Document No. 36 at 11.

[11] The Court further notes that even *Tailford* does not support a concrete injury on these facts. The Ninth Circuit found a concrete injury there because the omissions were tied to the dissemination of the plaintiffs' information to third parties. *Tailford*, 26 F.4th at 1099–1101. Plaintiff alleges no such dissemination here.

Here, Plaintiff advances the same standing theory against both Defendants, alleging that "Defendants' withholding of information to which Plaintiff is legally entitled" caused a concrete informational injury.[12] Therefore, though only Experian moved for judgment on the pleadings, Plaintiff's claims against Trans Union also fail for lack of jurisdiction. *See Elizondo v. Hinote*, No. 2:20-CV-00191, 2022 WL 4287646, at *7 (S.D. Tex. May 6, 2022) (dismissing *sua sponte* plaintiff's claims against nonmovant for lack of standing), *report and recommendation adopted,* No. 2:20-CV-00191, 2022 WL 3225400 (S.D. Tex. Aug. 9, 2022). Accordingly, the Court must *sua sponte* dismiss Plaintiff's claims against Trans Union without prejudice for lack of subject-matter jurisdiction.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Experian Information Solutions, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings (Document No. 32) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Morris Williams' claims against Defendants Experian Information Solutions, Inc. and Trans Union LLC are **DISMISSED WITHOUT PREJUDICE**. The Court further

[12] *Plaintiff's Amended Complaint*, Document No. 20 at 16.

**ORDERS** that all other pending motions are **DENIED** as moot.

SIGNED at Houston, Texas, on this 15 day of November, 2026.

DAVID HITTNER
United States District Judge